UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                      :

UNITED STATES OF AMERICA

                      :    **PRELIMINARY ORDER OF**
        - v. -                **FORFEITURE AS TO**
                      :    <u>**SUBSTITUTE ASSETS**</u>
LEONID SLUTSKY,
      a/k/a "Lenny,"        :    S1 10 Cr. 814 (LTS)

                  Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about October 28, 2010, LEONID SLUTSKY, a/k/a "Lenny" (the "defendant") was charged in a one-count Information, S1 10 Cr. 814 (LTS) (the "Information"), with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Sections 1349 (Count One);

WHEREAS, the Information included a forfeiture allegation seeking forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense alleged in Count One of the Information, including but not limited to at least $11,404.00 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of offense alleged in Count One;

WHEREAS, the Information also included a substitute asset provision providing notice that if as a result of the defendant's actions or omissions forfeitable property was unable to be located or obtained, transferred or sold to a third party person, placed beyond the jurisdiction of the Court, substantially diminished in value or commingled with other property which cannot

be subdivided without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the defendant;

WHEREAS, on or about October 28, 2010, the defendant pled guilty to Count One of the Information;

WHEREAS, on or about May 17, 2011, the defendant was sentenced and ordered to forfeit $11,404.00 in United States currency, representing proceeds traceable to the offense charged in Count One of the Information;

WHEREAS, on or about May 17, 2011, the Court entered an Order of Forfeiture (the "Order of Forfeiture") imposing a $11,404.00 money judgment against the defendant (the "Money Judgment");

WHEREAS, to date $6,890.05 of the Money Judgment against the defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offense of the defendant's conviction; and

WHEREAS, the Government has identified the following specific assets in which the defendant has an ownership interest:

        a.  $6,890.05 in United States currency in the possession of the United States Marshals Service, representing the portion of payments made by the Social Security Administration to defendant from December 21, 2016, through November 17, 2020, that was intercepted by the Treasury Offset Program (the "Substitute Asset").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.    All of the defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.    Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the Money Judgment entered against the defendant.

3.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4.    The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5.      The United States may also, to the extent practicable, provide direct written notice to any person, other than the defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

6.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

7.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
      January 31   , 2023

SO ORDERED:


  /s/ Laura Taylor Swain
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE